Deutsche Bank Natl. Trust Co. v Bowens (2020 NY Slip Op 02040)





Deutsche Bank Natl. Trust Co. v Bowens


2020 NY Slip Op 02040


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-06580
 (Index No. 943/16)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
John A. Bowens, appellant, et al., defendants.


David B. Gilbert, Middletown, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger and Stuart Seiden of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John A. Bowens appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated March 27, 2017. The order, insofar as appealed from, upon a decision of the same court dated March 22, 2017, upon reargument, vacated a prior determination in an order of the same court dated December 5, 2016 (Gretchen Walsh, J.), denying the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant John A. Bowens and for an order of reference, and thereupon, granted the plaintiff's motion.
ORDERED that on the Court's own motion, the notice of appeal from the decision dated March 22, 2017, is deemed a premature notice of appeal from the order dated March 27, 2017 (see CPLR 5520[c]); and it is further,
ORDERED that the order dated March 27, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2016, the plaintiff commenced this action to foreclose a mortgage on certain property located in Orange County against, among others, the defendant John A. Bowens (hereinafter the defendant). The plaintiff alleged that, in October 2003, the defendant executed a note in the sum of $148,000 in favor of Argent Mortgage Company, LLC, the plaintiff's predecessor in interest, and delivered a mortgage to secure payment of the note. The plaintiff also alleged that as of May 1, 2014, the defendant defaulted on the mortgage. In March 2016, the defendant interposed a verified answer which asserted affirmative defenses, including that the plaintiff lacked standing and failed to serve notice as required by RPAPL 1304.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of its motion for summary judgment, the plaintiff submitted a copy of the complaint, together with a certificate of merit by counsel for the plaintiff to which was attached a copy of the note endorsed in blank. The [*2]plaintiff also submitted an affidavit of service evidencing that the summons and complaint, together with the certificate of merit with note attached, were served on the defendant. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff lacked standing to commence the action. In its reply in further support of its summary judgment motion and in opposition to the defendant's cross motion, the plaintiff contended for the first time that it established its standing by annexing a copy of the note, endorsed in blank, to the certificate of merit that it had filed with the summons and complaint upon commencement of the action. In his reply in further support of his cross motion, the defendant contended, inter alia, that the plaintiff failed to establish that it had the note prior to the commencement of the action.
In an order dated December 5, 2016 (hereinafter the December 2016 order), the Supreme Court, among other things, denied the plaintiff's motion, finding, inter alia, that the plaintiff had failed to establish standing. The December 2016 order did not address the plaintiff's argument raised for the first time in its reply that the copy of the note submitted with the complaint was evidence of its standing.
The plaintiff thereafter moved, inter alia, for leave to reargue its prior motion. In an order dated March 27, 2017, the Supreme Court, upon reargument, vacated the determination in the December 2016 order denying the plaintiff's motion, and thereupon, granted the plaintiff's motion for summary judgment insofar as asserted against the defendant. The court determined, among other things, that the plaintiff established, prima facie, its standing to commence the action by attaching a copy of the note, endorsed in blank, to the summons and complaint, and that the defendant failed to raise a triable issue of fact in opposition. The defendant appeals.
In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where, as here, a defendant places the plaintiff's standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 531; Plaza Equities, LLC v Lamberti, 118 AD3d at 689). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953). " Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (id. at 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
This Court has long recognized that a plaintiff's filing of a copy of the note as an attachment to a complaint can be prima facie evidence of the plaintiff's standing (see e.g. U.S. Bank N.A v Offley, 170 AD3d 1240, 1241; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862). Here, since the certificate of merit, to which a copy of the note was attached, was filed together with the summons and complaint, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note when it commenced the action (see e.g. U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). We note that the defendant has not contended that the Supreme Court should not have considered this issue although raised by the plaintiff for the first time in its reply (see Burlington Ins. Co. v Guma Constr. Corp., 66 AD3d 622, 624-625). In any event, the defendant had the opportunity to address the argument in his own reply papers in support of his cross motion and in his opposition to the plaintiff's motion to reargue (see Gluck v New York City Tr. Auth., 118 AD3d 667, 668). Accordingly, we agree with the court's determination, upon reargument, that the plaintiff established its standing to commence the action.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and evidence of the defendant's default under the note (see HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207; Wells Fargo Bank, N.A. v Webster, 61 AD3d 856, 856). The plaintiff also demonstrated, prima facie, that it strictly complied with the notice requirement of RPAPL 1304 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669-[*3]670). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
The defendant's remaining contention is without merit (see 22 NYCRR 202.8[a]; CPLR 2221[a]; Matter of Quattrone v Erie 2-Chautauqua-Cattaraugus Bd. of Coop. Educ. Servs., 148 AD3d 1553, 1554; Fernandez v Elemam, 25 AD3d 752, 753).
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court