Deutsche Bank Natl. Trust Co. v Auguste (2020 NY Slip Op 03767)





Deutsche Bank Natl. Trust Co. v Auguste


2020 NY Slip Op 03767


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-13378
 (Index No. 36248/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Marie Monique Auguste, appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY (Steve Okenwa of counsel), for appellant.
Leopold Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Monique Auguste appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated August 25, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer and counterclaim, and for an order of reference, and denied that defendant's cross motion to compel the plaintiff to produce the original note, for leave to amend her answer, and for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2013, the plaintiff commenced this action against Marie Monique Auguste (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Chestnut Ridge. The defendant interposed an answer asserting, among other things, the affirmative defense of lack of standing and a counterclaim for attorney's fees. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaim, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved to compel the production of the original note, for leave to amend her answer to assert affirmative defenses alleging the failure to comply with RPAPL 1304 and the notice of default provisions of the mortgage, and for summary judgment dismissing the complaint insofar as asserted against her on those grounds as well as lack of standing.
In an order dated August 25, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement [*2]of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).
Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of the defendant's default (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Additionally, the plaintiff established its standing to commence the action by demonstrating that it had physical possession of the note prior to the commencement of the action, as evidenced by its attachment of the note, endorsed in blank, to the certificate of merit filed with the summons and complaint (see U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). The plaintiff also established, prima facie, that it had complied with the notice of default provisions of the mortgage and with the notice requirements of RPAPL 1304 (see Bank of N.Y. Mellon v Aiello, 164 AD3d 632). In opposition, the defendant failed to raise a triable issue of fact.
Under the circumstances, the Supreme Court also providently exercised its discretion in denying those branches of the defendant's cross motion which were for leave to amend her answer (see CPLR 3025[b]) and to compel the plaintiff to produce the original note (cf. Bayview Loan Servicing, LLC v Charleston, 175 AD3d 1229).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaim, and for an order of reference, and denying the defendant's cross motion to compel the plaintiff to produce the original note, for leave to amend her answer, and for summary judgment dismissing the complaint insofar as asserted against her.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court