Deutsche Bank Natl. Trust Co. v Karibandi (2020 NY Slip Op 06244)





Deutsche Bank Natl. Trust Co. v Karibandi


2020 NY Slip Op 06244


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2017-08169
 (Index No. 20759/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Ramakrishna Karibandi, appellant, et al., defendants.


Harvey Sorid, Uniondale, NY, for appellant.
Hogan Lovells LLP, New York, NY (Lisa J. Fried, Christian Fletcher, and Cameron E. Grant of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ramakrishna Karibandi appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated April 5, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated August 29, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, among other things, granted the plaintiff's motion to confirm a referee's report and directed the foreclosure sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In August 2006, the defendant Ramakrishna Karibandi (hereinafter the defendant) borrowed $644,000 from Fremont Investment & Loan, secured by a mortgage on certain residential property in Smithtown. On August 5, 2013, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted on payments due on August 1, 2012, and thereafter. In answering the complaint, the defendant asserted an affirmative defense that the plaintiff lacked standing to foreclose the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated August 29, 2016, the Supreme Court granted the plaintiff's motion, determining, among other things, that the plaintiff had established its standing to foreclose. The court subsequently issued an order and judgment of foreclosure and sale dated April 5, 2017. The defendant appeals.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of the borrower's default in payment (see Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Additionally, where, as here, the defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d at 658; Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, at the time the action was commenced, it was either the holder or assignee of the [*2]underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d at 873). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d at 873; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
Here, the plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of the note, endorsed in blank by the original lender, to the complaint at the time the action was commenced (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737; US Bank N.A. v Coppola, 156 AD3d 934, 935; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152; see also CPLR 2105). In opposition, the defendant failed to raise a triable issue of fact. Since standing was established by the annexation of the note to the complaint, the sufficiency of an affidavit submitted by the loan's servicer is irrelevant (see U.S. Bank N.A. v Seeley, 177 AD3d 933, 935). Accordingly, we agree with the Supreme Court's determination, in the order dated August 29, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
In light of our determination, we need not address the parties' remaining contentions on the issue of standing.
Since the defendant raises no other challenges to the order and judgment of foreclosure and sale, we affirm the order and judgment of foreclosure and sale.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court