U.S. Bank, N.A. v Zientek (2021 NY Slip Op 02015)





U.S. Bank, N.A. v Zientek


2021 NY Slip Op 02015


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01317
2019-01318
 (Index No. 31187/12)

[*1]U.S. Bank, National Association, etc., respondent,
v
Thomas Zientek, appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Sandelands Eyet, LLP, New York, NY (Len M. Garza of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Thomas Zientek appeals from two orders of the Supreme Court, Suffolk County (Martha L. Luft, J.), both dated September 5, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Thomas Zientek, to strike that defendant's answer, and for an order of reference are denied.
In July 2006, the defendant Thomas Zientek (hereinafter the defendant) executed a note and a mortgage encumbering real property located in Babylon (hereinafter the subject property). The defendant allegedly defaulted under the terms of the mortgage in July 2007. In October 2012, the plaintiff commenced this action to foreclose the mortgage. In his answer, the defendant alleged that the plaintiff failed to comply with the notice requirements of RPAPL 1304. In March 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The Supreme Court, among other things, granted those branches of the motion and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Tr. Co. v Bowens, 181 AD3d 871, 873). "Additionally, where, as here, a defendant places the plaintiff's standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (id. at 873). "This Court has long recognized that a plaintiff's filing of a copy of the note as an attachment to a complaint can be prima facie evidence of the plaintiff's standing" (id.).
Contrary to the defendant's contention, the plaintiff established, prima facie, its standing to commence the action by attaching a copy of the note, with an allonge bearing a blank endorsement, to the summons and complaint, which demonstrated it had physical possession of the note when it commenced the action (see Deutsche Bank Natl. Trust Co. v Karibandi, 188 AD3d 650; Bank of N.Y. Mellon v Toro, 186 AD3d 1188, 1189; Deutsche Bank Natl. Tr. Co. v Bowens, 181 AD3d at 873).
"'Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action'" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "'[T]he plaintiff has the burden of establishing satisfaction of this condition'" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 866, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "'[P]roof of the requisite mailing . . . can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 866, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
The plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of April Simmons, an employee of the plaintiff's loan servicer, Nationstar Mortgage, LLC (hereinafter Nationstar), along with copies of two 90-day notices addressed to the defendant. Simmons, however, did not state in her affidavit that she personally mailed these notices to the defendant, and she did not aver that she was familiar with the mailing practices and procedures of the entity which sent the notices (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 867; Everbank v Greisman, 180 AD3d 758, 760; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886). Moreover, although the envelopes accompanying the 90-day notices state "First-Class Mail" and contain a bar code above a 20-digit number, the plaintiff failed to submit any receipt or corresponding document proving that the notices were actually sent by first-class and certified mail to the defendant more than 90 days prior to the commencement of the action (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 867; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091-1092; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). Therefore, since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either academic or without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court