JPMorgan Chase Bank, N.A. v Austern (2021 NY Slip Op 02280)





JPMorgan Chase Bank, N.A. v Austern


2021 NY Slip Op 02280


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2016-12485
2016-12487
2018-04194
 (Index No. 64674/14)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Jonathan Austern, appellant, et al., defendants. Jonathan Austern, Wading River, NY, appellant pro se.


Parker Ibrahim & Berg LLC, New York, NY (Anthony W. Vaughn, Jr., and Nicholas F. Spindler of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jonathan Austern appeals from two orders of the Supreme Court, Suffolk County (James Hudson, J.), both dated October 25, 2016, and an order and judgment of foreclosure and sale (one paper) of the same court dated January 9, 2018. The first order dated October 25, 2016, insofar as appealed from, denied the motion of the defendant Jonathan Austern for summary judgment dismissing the complaint insofar as asserted against him, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Jonathan Austern, to strike that defendant's answer, and for an order of reference. The second order dated October 25, 2016, insofar as appealed from, denied and granted the same relief and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders dated October 25, 2016, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders dated October 25, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2004, nonparty Harmandip Kullar executed a note secured by a mortgage encumbering the subject property in favor of Washington Mutual Bank, FA (hereinafter WAMU). [*2]In 2006, Kullar sold the property to the defendant Jonathan Austern (hereinafter the defendant), who executed a second note and mortgage encumbering the property in favor of WAMU. The two notes and mortgages in favor of WAMU were later consolidated into a single note and mortgage. In September 2008, after WAMU had entered receivership with the Federal Deposit Insurance Corporation (hereinafter the FDIC), the plaintiff entered into a purchase and assumption agreement with the FDIC, pursuant to which the plaintiff acquired all of WAMU's loans and loan commitments. In 2014, the plaintiff commenced this action against, among others, the defendant to foreclose the consolidated mortgage. The defendant thereafter moved for summary judgment dismissing the complaint insofar as asserted against him and the plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated October 25, 2016,the Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. In a second order dated October 25, 2016, the court denied and granted the same relief and appointed a referee to compute the amount due to the plaintiff. An order and judgment of foreclosure and sale was subsequently entered, among other things, confirming the referee's report and directing the sale of the property. The defendant appeals.
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873). "Additionally, where, as here, a defendant places the plaintiff's standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (id. at 873). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (id.).
Contrary to the defendant's contention, the plaintiff met its burden of establishing, prima facie, that it had standing to commence this mortgage foreclosure action. The plaintiff submitted evidence establishing that it entered into a purchase and assumption agreement with the FDIC in 2008, pursuant to which the plaintiff acquired all of the rights in WAMU's loans and loan commitments. The plaintiff thus had standing to maintain this action as it acquired the subject loan prior to commencing this action in 2014 (see JPMorgan Chase Bank, N.A. v Gottlieb, 188 AD3d 1171; Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246, 1248; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 758).
The plaintiff also established its prima facie entitlement to judgment as a matter of law through its submission of the consolidated note and mortgage, and evidence of the defendant's default (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d at 873). In this regard, the plaintiff submitted the affidavit of one of its employees, Phonesay Say, who stated that certain business records, which were maintained by her employer and attached to her affidavit, demonstrated that the defendant had defaulted on his payments under the consolidated mortgage. Contrary to the defendant's contention, Say was able to lay a proper foundation for the admission of the records establishing the defendant's default as business records, as those records were created and maintained by the plaintiff, her employer (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 204-207).
The parties' remaining contentions are without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court