U.S. Bank N.A. v Dayan (2021 NY Slip Op 03626)





U.S. Bank N.A. v Dayan


2021 NY Slip Op 03626


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-04793
2016-04794
2019-13912
 (Index No. 49160/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Steven Dayan, et al., appellants, et al., defendant.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman and Robert A. Spolzino of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steven Dayan and Regina Dayan appeal from (1) an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated April 3, 2013, (2) an order of the same court entered April 5, 2013, and (3) an order and judgment of foreclosure and sale (one paper) of the same court (James C. Hudson, J.) entered June 25, 2019. The order dated April 3, 2013, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Steven Dayan and Regina Dayan, to strike their answer, and for an order of reference. The order entered April 5, 2013, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Steven Dayan and Regina Dayan, to strike their answer, and for an order of reference, and denied those defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, among other things, granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the order dated April 3, 2013, and the order entered April 5, 2013, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the order dated April 3, 2013, and the order entered April 5, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order [*2]and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2009, the plaintiff commenced this action against the defendants Steven Dayan and Regina Dayan (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Suffolk County. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and the defendants cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross motion. In June 2019, the court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendants appeal.
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default (see US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563).
Although the defendants did not waive the defense of standing (see RPAPL 1302-a; One W. Bank, FSB v Rosenberg, 189 AD3d 1600, 1602; Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362), the evidence submitted by the plaintiff demonstrated its standing, and the defendants failed to raise a triable issue of fact (see One W. Bank, FSB v Rosenberg, 189 AD3d at 1602). "A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced" (Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873). "This Court has long recognized that a plaintiff's filing of a copy of the note as an attachment to a complaint can be prima facie evidence of the plaintiff's standing" (id. at 873). Here, the plaintiff attached the note, endorsed in blank, to its verified complaint, establishing that it had possession of the note at commencement of the action and thus had standing to commence the action (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954; U.S. Bank NA v Smith, 191 AD3d 726, 728; Wells Fargo Bank, N.A. v Harrison, 188 AD3d 1298).
The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court