Bank of Am., N.A. v Suarez (2023 NY Slip Op 02636)

Bank of Am., N.A. v Suarez

2023 NY Slip Op 02636

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-06100
2020-06101
 (Index No. 601786/19)

[*1]Bank of America, N.A., respondent, 
v
Karmel Suarez, appellant, et al., defendants.

Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Karmel Suarez appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated June 16, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Karmel Suarez, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In 2009, the defendant Karmel Suarez (hereinafter the defendant) executed a note in the sum of $272,370 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Huntington Station.
In 2019, after the defendant allegedly defaulted under the terms of the loan, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated June 16, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order, also dated June 16, 2020, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (LNV Corp. v Almberg, 194 AD3d 703, 704; see JPMorgan Chase Bank, N.A. v Austern, 193 AD3d 830, 831). Here, the Supreme Court properly determined that the plaintiff made the requisite showing, and that it also established its standing to commence this action and its [*2]compliance with the notice requirements of RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Austern, 193 AD3d at 832; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932-933; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879). In opposition to the plaintiff's prima facie showing on these matters, the defendant failed to raise a triable issue of fact.
On appeal, the defendant argues that, after being served with the notices of default required by RPAPL 1304 and the terms of her mortgage agreement with the plaintiff, she made certain payments to the plaintiff that "cure[d] [the] delinquency" identified in those notices, thereby requiring the plaintiff to provide a new notice of default upon her subsequent alleged default (RPAPL 1304[4]). Contrary to the defendant's contention, the evidence in the record upon which she relies does not demonstrate that she cured the delinquency.
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court