HSBC Bank USA, N.A. v Scott (2024 NY Slip Op 03739)

HSBC Bank USA, N.A. v Scott

2024 NY Slip Op 03739

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-02868
 (Index No. 610580/17)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Rhonda Scott, etc., appellant, et al., defendants.

Rhonda Scott, Baldwin, NY, appellant pro se.
Greenberg Traurig, LLP, New York, NY (Steven Lazar of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rhonda Scott appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 23, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the plaintiff commenced this action against the defendant Rhonda Scott, among others, to foreclose a mortgage on certain real property located in Nassau County. In August 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Scott and for an order of reference. Scott, among other things, opposed the motion. By order entered January 23, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Scott appeals.
Scott does not contest that the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of Scott's default (see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236; Zarabi v Movahedian, 136 AD3d 895, 895-896). In opposition to the plaintiff's prima facie showing, Scott failed to raise a triable issue of fact (see Bank of Am., N.A. v Suarez, 216 AD3d 892, 893).
Accordingly, we affirm the order insofar as appealed from.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court