HSBC Bank USA, N.A. v Srugo (2025 NY Slip Op 50144(U))

[*1]

HSBC Bank USA, N.A. v Srugo

2025 NY Slip Op 50144(U)

Decided on February 10, 2025

Supreme Court, Kings County

Genovesi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 10, 2025
Supreme Court, Kings County

HSBC Bank USA, N.A., Plaintiff,

against
Jack Srugo; Sabah Srugo; Criminal Court of the City of New York; New York City Environmental Control Board; New York City Transit Adjudication Bureau and "John Doe 
 #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest, in or lien upon the premises being foreclosed herein, Defendants.

Index No. 521562/2020

For Plaintiff
Ted E. May, Esq.
Sheldon May & Associates PC
255 Merrick Road, Rockville Center, NY 11570
For Defendants Jack and Sabah Srugo
Ronald D. Weiss, Esq.
Ronald D. Weiss, PC
445 Broadhollow Road, Suite Cl-10, Melville, NY 11747

Carolyn Mazzu Genovesi, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers NYSCEF Numbered
Motion (MS # 1), Affirmation in Support,
Affidavit in Support, Exhibits 34-48
Cross-Motion (MS #2) Affirmation in Opposition to
Motion and in Support of Cross-Motion, Exhibits 49-56
Affirmation in Opposition to Cross Motion, Exhibits 61-64
Upon the foregoing papers, the Decision and Order on Mot. Seq. 1 and 2 is as follows:
In an action to foreclose a mortgage, HSBC Bank USA, N.A. ("plaintiff") moves for [*2]summary judgment; to appoint a Referee; to strike the Verified Answer and counterclaims of defendants Jack Srugo and Sabah Srugo ('defendants"); and to amend the caption (MS #1). Defendants cross-move to dismiss the complaint as barred by the statute of limitations (MS #2).
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default." U.S. Bank, National Association v. Zientek, 192 AD3d 1189, 1190 (2d Dep't 2021) quoting Deutsche Bank Natl. Tr. Co. v. Bowens, 181 AD3d 871, 873 (2d Dep't 2020). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action." Wells Fargo Bank, N.A. v. Mitselmakher, 216 AD3d 1056, 1057, (2d Dep't 2023) quoting US Bank Trust, N.A. v. Loring, 193 AD3d 1101, 1103 (2d Dep't 2021). When "the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing." Nationstar Mortgage, LLC v. Calomarde, 201 AD3d 940, 942 (2d Dep't 2022). If an endorsement of the note is made on an allonge, the plaintiff is required to prove the allonge is " 'so firmly affixed [to the note] as to become a part thereof,' as required by UCC 3-202(2)." Deutsche Bank National Trust Company v. Motzen, 207 AD3d 434, 435 (2d Dep't 2022).
Defendants raised the issue of plaintiff's standing to bring this action in their Verified Answer as the fourteenth affirmative defense. The original lender under the home equity line mortgage and original holder of the note was HSBC Mortgage Corporation (USA), a different entity than plaintiff. The note in question contains an endorsement in blank, however, plaintiff fails to submit any evidence that demonstrates the allonge was firmly affixed to the note. The affidavit of Cynthia Wallace, the Second Assistant Vice President of plaintiff's loan servicer, fails to address the allonge entirely. Accordingly, plaintiff does not demonstrate it has standing to commence this action. The branch of plaintiff's motion for summary judgment, the appoint of a Referee and to strike the Verified Answer and counterclaims is, therefore, DENIED.
Plaintiff also moves to amend the caption to replace plaintiff with current holder of the note, MEB Loan Trust VII, not in its individual capacity but solely as trustee of U.S. Bank National Association, and to remove certain John Doe defendants. This branch of the motion is unopposed. The branch of the motion to amend the caption is, therefore, GRANTED.
Defendants cross-move to dismiss the complaint as time barred. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired." Caderlock v. Joint Venture, L.P. v. Trombley, 189 AD3d 1157, 1158 (2d Dep't 2020). "An action to foreclose a mortgage is subject to a six-year statute of limitations." U.S. Bank Trust, N.A. v. Aorta, 167 AD3d 807 (2d Dep't 2018); see CPLR 213(4). "When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt." Wells Fargo Bank, N.A. v. Rutty, 206 AD3d 862, 863 (2d Dep't 2022) quoting Deutsche Bank Trust Co. Ams. v. Marous, 186 AD3d 669, 670 (2d Dep't 2020). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage." GMAT Legal Title Trust 2014—1 v. Kator, 213 AD3d 915, 916 (2d Dep't 2023).
Previous to this action, plaintiff brought another action to foreclose the same mortgage on November 3, 2014 (Index No. 510266/2014). The 2014 action was dismissed by Justice [*3]Noach Dear, by Order dated October 23, 2019, for failure to prosecute. This action was commenced on November 3, 2020, six years to the day after the original action was commenced, so this action is not barred by the statute of limitations. See CPLR 304(a) and Grskovic v. Holmes, 111 AD3d 234, 240 (2d Dep't 2013), holding that an action is commenced when the summons and complaint is filed with the clerk of the court. Additionally, the statute of limitations was tolled for an additional 228 days by Executive Orders promulgated by former Governor Andrew Cuomo in response to the COVID-19 pandemic. See McLaughlin v. Snowlift, Inc., 214 AD3d 720, 721 (2d Dep't 2023). Accordingly, the Court finds that this action was timely commenced.
Defendants' reliance on the Foreclosure Abuse Prevention Act (FAPA), to argue the statute of limitations has expired is unavailing. Specifically, defendants maintain that the statute of limitations expired under CPLR 203(h) and CPLR 213(4) as amended by FAPA. Pursuant to the current CPLR 203(h) "[o]nce a cause of action [to foreclose a mortgage] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action " Under the current CPLR 213(4)(a), in a foreclosure action "if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated" by the commencement of earlier action, the plaintiff may "be estopped from asserting that the instrument was not validly accelerated." Similarly, CPLR 213(4)(b) as amended states "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated" previously. However, in the instant case, the initial 2014 action was dismissed by the Court and this action was commenced before the statute of limitations expired. While the commencement of the 2014 action accelerated the mortgage and began the running of the statute of limitations, this action was nevertheless timely commenced.
ORDERED that plaintiff's motion (MS #1) is granted to the extent that the caption is amended, and denied in all other respects; and it is further
ORDERED that the caption shall read as follows:[FN1]

X
MEB LOAN TRUST VII, not in its individual capacity
but solely as trustee of U.S. BANK NATIONAL
ASSOCIATION,                  Plaintiff,
-against-
JACK SRUGO; SABAH SRUGO; CRIMINAL COURT
OF THE CITY OF NEW YORK; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY TRANSIT ADJUDICATION
BUREAU, JOHN DOE as Doe #1; JOHN DOE as Doe #2
Defendants,
X
; and it is further
ORDERED that defendants' cross-motion (MS #2) is DENIED.
This constitutes the Decision and Order of the Court.
Dated: February 10, 2025
Hon. Carolyn Mazzu Genovesi

Footnotes

Footnote 1:The Court fashioned the following caption, as the caption proposed by plaintiff is insufficient.