| ARCPE 1 LLC v Canales |
|:---:|
| 2026 NY Slip Op 30922(U) |
| March 17, 2026 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 619150/2024 |
| Judge: Carolyn Mazzu Genovesi |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NASSAU COUNTY

PRESENT: **HON. CAROLYN MAZZU GENOVESI**       PART 35

*Acting Justice*

-------------------------------------------------------------------------X

ARCPE 1 LLC,

|  |  |
|---|---|
| INDEX NO. | 619150/2024 |

                                Plaintiff,

|  |  |
|---|---|
| MOTION SEQ. NO. | 003 004 |

                - v -

JOSE CANALES, HORACIO CANALES, YANIRA SALGADO,
MARIA BONILLA, HUNTINGTON REGIONAL
CHIROPRACTIC P.C., LVNV FUNDING LLC, NORTH
AMERICAN PARTNERS IN ANESTHESIA LLP, MIDLAND
CREDIT MANAGEMENT INC., CITIBANK, N.A., NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
TOYOTA MOTOR CREDIT CORP., YCA CORP., INGRID
TAVERAS, PEOPLE OF THE STATE OF NEW YORK, JOHN
DOE,

**DECISION + ORDER ON
MOTION**

                                Defendants.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 67, 68, 69, 70, 71, 72, 73, 74,
75, 76, 77, 78, 79, 80, 81, 82, 83, 105, 106, 107

were read on this motion to/for       JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 90, 91, 92, 93, 94, 95, 96, 97,
98, 99, 111

were read on this motion to/for       DISMISS       .

In an action to foreclose a mortgage, plaintiff moves for summary judgment; to strike

defendant's answer; to appoint a referee; and for default judgment against all non-appearing

defendants (MS # 3). Defendant Yanira Salgado ("defendant") opposes the motion, and cross-

moves for summary judgment in defendant's favor; to compel plaintiff to comply with discovery

demands; and to stay the action pending an appeal (MS # 4).

"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff

establishes its prima facie case through the production of the mortgage, the unpaid note, and

**619150/2024   ARCPE 1 LLC vs. CANALES, JOSE H.**
Motion No.  003 004

**Page 1 of 4**

evidence of default." *U.S. Bank, N.A. v. Zientek*, 192 A.D.3d 1189, 1190 (2d Dep't 2021) quoting *Deutsche Bank Natl. Trust Co. v. Bowens*, 181 A.D.3d 871, 873 (2d Dep't 2020).

Defendant opposes the motion on the ground that plaintiff failed to demonstrate compliance with RPAPL 1304 and RPAPL 1306. However, defendant did not sign the note or the mortgage. "Noncompliance with RPAPL 1304… [is a] personal defense[] that may not be raised by parties who are strangers to the subject note and mortgage." *U.S. Bank N.A. v Medina,* 230 A.D.3d 1371, 1377 (2d Dep't 2024). "Since RPAPL 1306 requires a filing alleging compliance with RPAPL 1304, the [defendant] lacks standing to raise a defense based on failure to comply with RPAPL 1306." *Id.* Accordingly, the Court finds that defendant lacks standing to raise compliance with RPAPL 1304 or RPAPL 1306 as a defense.

Defendant further argues that plaintiff failed to demonstrate its standing to commence this action. "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action." *Wells Fargo Bank, N.A. v. Mitselmakher*, 216 A.D.3d 1056, 1057, (2d Dep't 2023) quoting *US Bank Trust, N.A. v. Loring*, 193 A.D.3d 1101, 1103 (2d Dep't 2021). " '[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law' because the transfer in full of the underlying obligation 'automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage.' " *Deutsche Bank Trust Co. Americas v. Vitellas,* 131 A.D.3d 52, 59 (2d Dep't 2015) quoting *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d, 355, 361-362 (2015). "There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it." *JPMorgan Chase Bank, Nat. Ass'n v. Weinberger*, 142 A.D.3d 643,

**619150/2024   ARCPE 1 LLC vs. CANALES, JOSE H.**
**Motion No.  003 004**

**Page 2 of 4**

[* 2]

2 of 4

645 (2d Dep't 2016). "Moreover, it is unnecessary to give factual details of the delivery [of the instrument] in order to establish that possession was obtained prior to a particular date." *Id.* The Court has reviewed the copies of the note in the records, and contrary to defendant's contention, there is no indication that the note was altered. The Court therefore finds that plaintiff demonstrated its standing by submitting the note with a blank endorsement.

However, plaintiff failed to evidence the defendants' default in paying the loan. Plaintiff alleges that the defendants defaulted on the loan November 1, 2008. In support of the motion, plaintiff provides a one page, computer generated record, which does not have individual entries for loan installments. Additionally, the record in question does not include entries "up to and including the date of default" that show defendant's default. *Fulton Holding Group, LLC v. Lindoff,* 165 A.D.3d 1057, 1059 (2d Dep't 2018). The Court accordingly finds plaintiff's submission insufficient to show a default in paying the loan.

Defendant cross-moves to compel plaintiff to comply with her discovery demands. However, plaintiff's motion for summary judgment imposed an automatic stay of discovery. *See Schiff v. Sallah Law Firm, P.C.,* 128 A.D.3d 668, 670 (2d Dep't 2015); CPLR 3214(b). Accordingly, it was improper for defendant to cross-move to compel discovery while plaintiff's summary judgment motion was pending. The branch of defendant's cross-motion to compel discovery is therefore denied.

Defendant also cross-moves to stay this action pending appeal. Specifically, defendant filed a Notice of Appeal the Decision and Order of Hon. Jeffrey A. Goodstein dated April 18, 2025, and entered April 23, 2025. In that Decision and Order, Hon. Goodstein denied defendant's motion to dismiss the complaint for improper service, and extended plaintiff's time to serve defendant. Under CPLR 5519(c), "[t]he court from or to which an appeal is taken or the court of original instance

**619150/2024 ARCPE 1 LLC vs. CANALES, JOSE H.**
Motion No. 003 004

**Page 3 of 4**

[* 3]

may stay all proceedings to enforce the judgment or order appealed from pending an appeal or determination on a motion for permission to appeal." Imposing a stay pursuant to CPLR 5519(c) is a matter of the Court's discretion. *Yesmin v. Aliobaba, LLC,* 241 A.D.3d 9, 14 (2d Dep't 2025). Here, neither summary judgment nor a Judgment of Foreclosure and Sale has been granted to defendant. Defendant therefore cannot be harmed by the April 2025 Order at this juncture. Accordingly, the Court declines to impose a discretionary stay.

The Court has reviewed defendant's arguments regarding plaintiff's general business practices and certain news articles defendant submitted to that effect. However, the Court cannot consider plaintiff's general business practices as there is no evidence of any specific wrongful conduct in connection to this case. For the foregoing reasons, it is

ORDERED that plaintiff's motion (MS # 3) is DENIED; and it is further

ORDERED that defendant 's cross-motion (MS # 4) is DENIED.

This constitutes the Decision and Order of the Court.

ENTER

Date ___3/17/26___

Hon. Carolyn Mazzu Genovesi

**619150/2024 ARCPE 1 LLC vs. CANALES, JOSE H.**
Motion No. 003 004

**Page 4 of 4**