One W. Bank, FSB v Rosenberg (2020 NY Slip Op 08070)





One W. Bank, FSB v Rosenberg


2020 NY Slip Op 08070


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-03089
 (Index No. 11515/09)

[*1]One West Bank, FSB, appellant, 
v
Susan Rosenberg, respondent, et al., defendants.


McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison J. Sanders of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated November 7, 2016. The order denied the plaintiff's motion, in effect, to restore the case to the calendar and, upon restoration, for summary judgment on the complaint and for an order of reference.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion, in effect, to restore the case to the calendar, and, upon restoration, for summary judgment on the complaint and for an order of reference is granted.
In May 1998, the defendant Susan Rosenberg (hereinafter the defendant) executed a note that was secured by a mortgage on residential property located in Wesley Hills. In 2009, the plaintiff, alleging, inter alia, that it was the successor in interest to the lender, commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer, but did not raise standing as an affirmative defense. In August 2012, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated January 10, 2013, the Supreme Court denied the motion on the ground that the plaintiff failed to demonstrate, prima facie, that it had standing to commence the action. In February 2015, the court scheduled a status conference on the case, but the plaintiff failed to appear and the case was marked off the calendar. In May 2015, the plaintiff moved, in effect, to restore the case to the calendar and, upon restoration, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion. The court denied the plaintiff's motion on the grounds that it had failed to rebut the presumption of abandonment of the case, and that the plaintiff's excuse of law office failure was not reasonable. The plaintiff appeals.
CPLR 3404 provides, in pertinent part, that "[a] case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute."
Significantly, marking a case off the calendar is not the same as dismissing the case outright; the automatic dismissal of CPLR 3404 does not occur until one year after the case has been marked off the calendar (see Basetti v Nour, 287 AD2d 126, 134). If a court marks the case off the [*2]calendar, the plaintiff has one year within which to restore the action to the calendar without any obstacles (see id. at 134). If the motion to restore is made within one year after the date the case was marked off the calendar, restoration is automatic (see Chambers v City of New York, 111 AD3d 593), and the plaintiff need not demonstrate a reasonable excuse, a potentially meritorious action, lack of intent to abandon the action, or a lack of prejudice to the defendants (see Plotkin v J.J. Nazzaro Assocs., Ltd., 108 AD3d 757, 758).
Here, since the plaintiff moved, in effect, to restore the action to the calendar only three months after the case had been marked off the calendar, the Supreme Court should have granted that branch of the plaintiff's motion. Upon restoration, the plaintiff's motion for summary judgment on the complaint and for an order of reference should have been granted.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default through the affidavit of an officer of the plaintiff's assignee (see US Bank N.A. v Sabharwal, 175 AD3d 1454, 1455-1456). In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562-563). Although the defendant did not waive the defense of standing (see RPAPL 1302-a; GMAC Mtge., LLC v Coombs, _____ AD3d _____, 2020 NY Slip Op 07039 [2d Dept]), the evidence submitted by the plaintiff demonstrated its standing, and the defendant failed to raise a triable issue of fact (see Cenlar FSB v Glauber, _____ AD3d _____, 2020 NY Slip Op 07028 [2d Dept]; Deutsche Bank Natl. Trust Co. v Romano, 147 AD3d 1021, 1023).
The defendant's contention that the plaintiff was required to demonstrate its compliance with statutory and/or contractual notice requirements in order to establish its entitlement to judgment as a matter of law is without merit (see Bank of Am., N.A. v Cord, 168 AD3d 896, 899). Specifically, the defendant's sixth affirmative defense generally and conclusorily alleged that the "plaintiff has failed to comply with all conditions precedent to commencement of this action." This Court has held such language to be insufficient to raise the issue of the plaintiff's compliance with either statutory or contractual notice requirements (see Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 752; CPLR 3013). Absent there being a cognizable affirmative defense alleging non-compliance with statutory or contractual notice requirements, the plaintiff was not required to address those issues as part of its prima facie burden in moving for summary judgment (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 657). In opposition, the defendant failed to raise a question of fact that the plaintiff failed to comply with statutory or contractual notice requirements.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court