Kirby v Carlo's Bakery 42nd & 8th LLC (2023 NY Slip Op 00059)

Kirby v Carlo's Bakery 42nd & 8th LLC

2023 NY Slip Op 00059

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 655227/21 Appeal No. 17044 Case No. 2022-01806 

[*1]Chontay Kirby, Plaintiff-Appellant,
v
Carlo's Bakery 42nd & 8th LLC et al., Defendants-Respondents.

Bergstein and Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Litchfield Cavo LLP, New York (Joseph Dimitrov of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 28, 2022, which granted defendants' motion to dismiss the first through fourth causes of action, unanimously reversed, on the law, without costs, the motion denied, and those causes of action reinstated.
Although plaintiff's first cause of action is labeled as one for "hostile workplace," Supreme Court was not bound by that designation and plaintiff has sufficiently stated a cause of action for employment discrimination under both the New York State and New York City Human Rights Laws (see Matter of Local 621 v New York City Dept. of Transp., 178 AD3d 78, 81 [1st Dept 2019], lv dismissed 35 NY3d 1106 [2020]; Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). Plaintiff alleges that she is a member of a protected class; that she was qualified for the position by, among other things, having a decade of experience in leadership roles; and that she was subject to an adverse employment action under circumstances giving rise to an inference of discrimination (Moore v Bronx-Lebanon Hosp., 50 AD3d 286, 286 [1st Dept 2008]). Specifically, plaintiff, a Black woman, alleges that her supervisor, defendant John Pernini, irritated that she had telephoned Human Resources for advice, allegedly stated to her the night before her termination, "Why did you call HR? Blacks . . . I should have never hired her."
In addition, affording plaintiff the benefit of every possible favorable inference, we find that she has sufficiently stated a claim for unpaid overtime under the Labor Law by alleging that she worked more than 40 hours per week and that defendants never paid her for the overtime (CPLR 3013; see Gutierrez v Bactolac Pharmaceutical, Inc., 210 AD3d 746, [2d Dept 2022]; V. Groppa Pools, Inc. v Massello, 106 AD3d 723, 724 [2d Dept 2013]).
Plaintiff's claim based on defendants' failure to pay her weekly also is sufficiently pleaded, as she alleges that she was a nonexempt employee under Labor Law § 190, and that defendants were required to pay her each week as a manual worker under New York Labor Law § 191. Further, plaintiff submitted an affidavit explaining her job duties in greater detail — for example, she stated that she was responsible for opening and closing the store, sorting and moving inventory, cleaning the store, and waiting on customers — and stating that she spent more than 25% of her working time performing physical labor. To the extent the complaint omits an explanation of the nature of plaintiff's work, this affidavit properly fills any defects in the complaint (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
Plaintiff also states a claim based on defendants' failure to give her a wage notice
in accordance with Labor Law § 195(1)(a) by alleging that defendants failed to give her a notice apprising her of her regular pay day.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January [*2]10, 2023