Mendoza v Cornell Univ. (2023 NY Slip Op 02180)

Mendoza v Cornell Univ.

2023 NY Slip Op 02180

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 808925/21E Appeal No. 83 Case No. 2022-04260 

[*1]Miluska Mendoza, Plaintiff-Appellant,
v
Cornell University Also Known as Weill Cornell Medical College, Defendant-Respondent.

David Abrams, Attorney at Law, New York, for appellant.
Weill Cornell Medicine, New York (Rachel E. Kramer of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 26, 2022, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion to amend the complaint, unanimously affirmed, without costs.
Plaintiff fails to set forth sufficient allegations to support her Labor Law overtime claim because she does not allege that "she worked more than 40 hours per week" (Kirby v Carlo's Bakery 42nd & 8th LLC, 212 AD3d 441, 442 [1st Dept 2023]). Plaintiff instead alleges that "in a standard workweek, [she] would work approximately 39 to 40 hours." She further claims that, "during weeks when [she] worked extra shifts, this resulted in her working unpaid overtime," and that, during one week in June 2018, she worked six shifts. However, plaintiff does not specify how many hours she worked that week, whether she took lunch breaks, or how long those breaks were. The allegations that plaintiff was "not compensated for work performed during meal breaks . . . raise the possibility that [she was] undercompensated in violation of the . . . [Labor Law]," but "absent any allegations that [she was] scheduled to work forty hours in a given week," and without "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week," plaintiff fails to state a claim for overtime pay under the Labor Law (Nakahata v New York Presbyterian Healthcare Sys., Inc., 723 F3d 192, 201-202 [2d Cir 2013]). We note that on appeal plaintiff raises no substantive challenge to the motion court's merits holding on this claim, instead arguing that the claim is not precluded and that the complaint "provides a detailed description of Respondent's failure to pay overtime wages, including even an illustrative week."
While the complaint does not specify the Labor Law provision on which plaintiff relies for her claim to recover "gap time" — that is, hours she worked for which she was not paid — she now invokes Labor Law § 198(3), which provides that "[a]ll employees shall have the right to recover full wages . . . accrued during the six years previous to the commencing of" an action under that section. Although an amendment to § 198 abrogated Gottlieb v Kenneth D. Laub & Co. (82 NY2d 457, 463-464 [1993]), a decision relied upon by the motion court to dismiss this claim, plaintiff nonetheless fails to address the legislation or explain how it might undermine the court's reasoning on her gap-time claim. Because plaintiff does not articulate a theory for gap-time recovery under § 198, as amended or otherwise, she raises no grounds on which to reverse the motion court on this issue.
Further, as the motion court correctly found, Labor Law § 663 does not support plaintiff's gap-time claim. Plaintiff cites a trial court decision suggesting that gap-time claims under § 663 may be viable (see Vargas v Citi Parking, Inc., 2021 NY Slip Op 31210[U], *8-9 [Sup Ct, NY County 2021] [granting [*2]leave to replead gap-time claim]). However, as the motion court explained, § 663 provides for remedies under the state Minimum Wage Act (Labor Law § 650 et seq.) and states that, "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article," meaning less than the applicable minimum wage of $15.00 per hour, "he or she shall recover in a civil action the amount of any such underpayments" (Labor Law § 663[1] [emphasis added]; see also id. § 652[1][a]). Plaintiff cites no authority holding that § 663 creates a right of action for unpaid work absent a minimum wage violation (cf. McGlone v Contract Callers, Inc., 114 F Supp 3d 172, 173 [SD NY 2015]). Accordingly, because plaintiff does not claim that she was paid less than the minimum wage, she cannot recover under § 663.
The court also properly dismissed plaintiff's claim under the Wage Theft Prevention Act. Labor law § 195(3) requires employers to "furnish each employee with a statement with every payment of wages, listing," among other things, "the dates of work covered by that payment of wages; . . . the number of regular hours worked; and the number of overtime hours worked." The Labor Law provides for statutory penalties for violations of that provision (Labor Law § 198[1-d]). Although inaccuracies in wage statements may support a claim under these provisions (see Odigie v Gateway Sec. Guard Servs., Inc., 213 AD3d 495, 497 [1st Dept 2023]), plaintiff fails to sufficiently articulate a ground for recovery on this claim beyond general allegations that she worked more hours than she was paid for. Accordingly, plaintiff raises no grounds warranting reversal of the motion court's dismissal of this claim.
In light of the foregoing determination, we decline to address whether the doctrine of res judicata or collateral estoppel bars these claims.
The court providently exercised its discretion in denying plaintiff leave to amend the complaint based on her failure to submit a proposed amendment with her motion for leave to amend (CPLR 3025[b]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023