**HSBC Bank USA, N.A. v Wu**

2024 NY Slip Op 30543(U)

February 16, 2024

Supreme Court, New York County

Docket Number: Index No. 850209/2016

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. FRANCIS A. KAHN, III** PART 32

*Justice*

-----------------------------------------------------------------------X

HSBC BANK USA, N.A.,

Plaintiff,

- v -

LEWIS WU, BOARD OF MANAGERS OF THE ROYAL
ELIZABETH CONDOMINIUM, HOSKIE CO. INC.,SST INT'L
INC.,UNITED INTERNATIONAL BANK, ARMAND LASKY,
MARINA DISTRICT DEVELOPMENT CO LLC T/A
BORGATA, MIDLAND 59 LLC,UNITED STATES OF
AMERICA O/B/O INTERNAL REVENUE SERVICE, JOHN
DOE,

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850209/2016 |
| MOTION DATE | |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 149, 150, 151, 152,
153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173,
174, 176, 178, 179, 180, 181, 182, 183, 184

were read on this motion to/for JUDGMENT - SUMMARY .

Upon the foregoing documents, the motion is determined as follows:

In this action, Plaintiff seeks to foreclose on a mortgage encumbering residential real property
located at 80 Elizabeth Street, New York, New York. The mortgage, dated September 15, 2004, was
given by Defendant Lewis Wu ("Wu") to non-party HSBC Mortgage Corporation (USA) to secure a
loan with an original principal amount of $300,000.00. The indebtedness is evidenced by a home equity
line agreement of the same date as the mortgage. Plaintiff commenced this action alleging *inter alia*
that Defendant Wu defaulted in repayment of the loan secured by the mortgage. Defendant Wu
answered and pled seventeen affirmative defenses, including lack of standing. Now, Plaintiff moves for
summary judgment against the appearing Defendant, to strike his answers and affirmative defenses, for
an order of reference and to amend the caption. Defendant opposes the motion.

In moving for summary judgment, Plaintiff was required to establish *prima facie* entitlement to
judgment as a matter of law though proof of the mortgage, the note, and evidence of Defendants' default
in repayment (*see eg U.S. Bank, N.A. v James,* 180 AD3d 594 [1st Dept 2020]; *Bank of NY v Knowles,*
151 AD3d 596 [1st Dept 2017]; *Fortress Credit Corp. v Hudson Yards, LLC,* 78 AD3d 577 [1st Dept
2010]). Based upon Defendants' affirmative defense, Plaintiff was also required to demonstrate it had
standing when this action was commenced (*see eg Wells Fargo Bank, N.A. v Tricario,* 180 AD3d 848
[2nd Dept 2020]). Proof supporting a *prima facie* case on a motion for summary judgment must be in
admissible form (*see* CPLR §3212[b]; *Tri-State Loan Acquisitions III, LLC v Litkowski,* 172 AD3d 780
[1st Dept 2019]). A plaintiff may rely on evidence from persons with personal knowledge of the facts,
documents in admissible form and/or persons with knowledge derived from produced admissible records

[* 1]

(*see eg U.S. Bank N.A. v Moulton*, 179 AD3d 734, 738 [2d Dept 2020]). No particular set of business records must be proffered, as long as the admissibility requirements of CPLR 4518[a] are fulfilled and the records evince the facts for which they are relied upon (*see eg Citigroup v Kopelowitz*, 147 AD3d 1014, 1015 [2d Dept 2017]).

Plaintiff's motion was supported with an affirmation from Cynthia Wallace ("Wallace"), a Second Assistant Vice-President for Specialized Loan Servicing, LLC ("SLS") the alleged servicer and attorney-in-fact Meb Loan Trust VII, US Bank National Association, not in its individual capacity but solely as Trustee successor in interest to Plaintiff. Attached to Wallace's affidavit was the supporting documentation referred to therein. Wallace laid a proper foundation for the admission of SLS's records into evidence under CPLR §4518 (*see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197 [2d Dept 2019]). The records of other servicers were also admissible since Wallace sufficiently established that those records were received from their maker and incorporated into the records SLS kept and that it routinely relied upon such documents in its business (*see U.S. Bank N.A. v Kropp-Somoza*, 191 AD3d 918 [2d Dept 2021]). Further, the records referenced by Wallace were annexed to the moving papers (*cf. Deutsche Bank Natl. Trust Co. v Kirschenbaum*, 187 AD3d 569 [1st Dept 2020]). The indebtedness was also established based on the terms of the loan modification executed by Wu on February 15, 2006 (*see Redrock Kings, LLC v Kings Hotel, Inc.*, 109 AD3d 602 [2d Dept 2013]; *EMC Mortg. Corp. v Stewart*, 2 AD3d 772 [2d Dept 2003]). In sum, the affidavits and referenced documents sufficiently evidenced the note and mortgage.

As to the Mortgagor's default, it "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (*Deutsche Bank Natl. Trust Co. v McGann*, 183 AD3d 700, 702 [2d Dept 2020]). Here, Wallace's review of the attached account records demonstrated that the Mortgagor defaulted in repayment under the note (*see eg ING Real Estate Fin. (USA) LLC v Park Ave. Hotel Acquisition, LLC*, 89 AD3d 506 [1st Dept 2011]).

As to standing in a foreclosure action, it is established in one of three ways: [1] direct privity between mortgagor and mortgagee, [2] physical possession of the note prior to commencement of the action that contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff either on its face or by allonge, and [3] assignment of the note to Plaintiff prior to commencement of the action (*see eg Wells Fargo Bank, N.A. v Tricario*, 180 AD3d 848 [2d Dept 2020]; *Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375 [3d Dept 2015]). Here, Plaintiff, demonstrated with the affidavit of Wallace and the written assignment of the mortgage dated January 21, 2012, that it was the holder of the note when the action was commenced (*see PNC Bank, NA Salcedo*, 161 AD3d 571 [1st Dept 2018]). (*see PNC Bank, NA Salcedo*, 161 AD3d 571 [1st Dept 2018]). Although an assignment of a mortgage is ordinarily a nullity in this context, the within assignment expressly stated that the mortgage was assigned together with "with all the moneys now due and owing". This evidence sufficiently established conveyance of the note (*see US Bank Natl. Assn. v Ezugwu*, 162 AD3d 613 [1st Dept 2018]; *GRP Loan, LLC v Taylor*, 95 AD3d 1172 [2d Dept 2012]).

Accordingly, Plaintiff demonstrated *prima facie* the note, mortgage, Defendant's default in repayment thereunder as well as its standing.

In opposition, Defendant Wu proffers as his sole legal argument that Plaintiff failed to comply with the pre-foreclosure notice requirements under RPAPL §§1303 and 1304. Wu did not expressly

[* 2]

plead reliance on this statute as an affirmative defense. His sixteenth affirmative defense [1] was conclusory and insufficient to require Plaintiff to demonstrate compliance with that statute as part of its *prima facie* case (*see One West Bank, FSB v Rosenberg*, 189 AD3d 1600, 1602 [2d Dept 2020]). Nevertheless, a defendant is entitled to raise this defense at any time before entry of a judgment of foreclosure and sale (*see Wells Fargo Bank, NA v Merino*, 173 AD3d 491 [1st Dept 2019]; *see also Citimortgage, Incv Dente*, 200 AD3d 1025 [2d Dept 2021]). By raising this defense for the first time in opposition to this motion, the Court may consider evidence submitted by Plaintiff in reply on this issue (*see eg Emigrant Mtge Co v Lifhitz*, 143 AD3d 755 [2d Dept 2016]).

Plaintiff demonstrated in its reply that RPAPL §§1303 and 1304 are inapplicable in this case. RPAPL §1303 only requires service of a notice on the mortgagor where the building is "owner-occupied" (RPAPL §1303[1][a]). Likewise, the notice requisites of RPAPL §1304 are only triggered where the mortgage encumbers "real estate . . . used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower's principal dwelling" (RPAPL §1304[6][a][1][iii]). Here, Wu admitted in his affidavit in opposition that he "never lived at the subject property".

As to the branch of the motion to dismiss Defendants' affirmative defenses, CPLR §3211[b] provides that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit". For example, affirmative defenses that are without factual foundation, conclusory or duplicative cannot stand (*see Countrywide Home Loans Servicing, L.P. v Vorobyov*, 188 AD3d 803, 805 [2d Dept 2020]; *Emigrant Bank v Myers*, 147 AD3d 1027, 1028 [2d Dept 2017]). When evaluating such a motion, a "defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2d Dept 2008]).

As pled, all the affirmative defenses are entirely conclusory and unsupported by any facts in the answer. As such, these affirmative defenses are nothing more than unsubstantiated legal conclusions which are insufficiently pled as a matter of law (*see Board of Mgrs. of Ruppert Yorkville Towers Condominium v Hayden*, 169 AD3d 569 [1st Dept 2019]; *see also Bosco Credit V Trust Series 2012-1 v. Johnson*, 177 AD3d 561 [1st Dept 2020]; *170 W. Vil. Assoc. v. G & E Realty, Inc.*, 56 AD3d 372 [1st Dept 2008]; *see also Becher v Feller*, 64 AD3d 672 [2d Dept 2009]; *Cohen Fashion Opt., Inc. v V & M Opt., Inc.*, 51 AD3d 619 [2d Dept 2008]). To the extent Defendants' opposition failed to raise specific legal arguments in support of the other affirmative defenses, those were abandoned (*see U.S. Bank N.A. v Gonzalez*, 172 AD3d 1273, 1275 [2d Dept 2019]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2d Dept 2012]; *Wells Fargo Bank Minnesota, N.A v Perez*, 41 AD3d 590 [2d Dept 2007]).

The branch of Plaintiff's motion for a default judgment against the non-appearing parties is granted without opposition (*see* CPLR §3215; *SRMOF II 2012-I Trust v Tella*, 139 AD3d 599, 600 [1st Dept 2016]).

The branch of Plaintiff's motion to amend the caption is granted (*see generally* CPLR §3025; *JP Morgan Chase Bank, N.A. v Laszio*, 169 AD3d 885, 887 [2d Dept 2019]).

---

[1] It states, in its entirety: "Plaintiff failed to comply with certain conditions precedent prior to the commencement of the action."

**850209/2016   HSBC BANK USA, N.A. vs. WU, LEWIS**
**Motion No. 006**

**Page 3 of 6**

3 of 6

[* 3]

Accordingly, it is

ORDERED that the branch of Plaintiff's motion for summary judgment against the appearing Defendants, for a default judgment against the non-appearing parties as well as the other relief is granted; and it is further

ORDERED that **Scott H. Siller, Esq., 706 Equestrian Way, Westbury, NY 11590 -- 516-644-6769** is hereby appointed Referee in accordance with RPAPL § 1321 to compute the amount due to Plaintiff and to examine whether the property identified in the notice of pendency can be sold in parcels; and it is further

ORDERED that in the discretion of the Referee, a hearing may be held, and testimony taken; and it is further

ORDERED that by accepting this appointment the Referee certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment"), and §36.2 (d) ("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED that, pursuant to CPLR 8003(a), and in the discretion of the court, a fee of $350 shall be paid to the Referee for the computation of the amount due and upon the filing of his report and the Referee shall not request or accept additional compensation for the computation unless it has been fixed by the court in accordance with CPLR 8003(b); and it is further

ORDERED that the Referee is prohibited from accepting or retaining any funds for himself or paying funds to himself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED that if the Referee holds a hearing, the Referee may seek additional compensation at the Referee's usual and customary hourly rate; and it is further

ORDERED that Plaintiff shall forward all necessary documents to the Referee and to Defendants who have appeared in this case within 30 days of the date of this order and shall *promptly* respond to every inquiry made by the referee (promptly means within two business days); and it is further

ORDERED that if Defendant(s) have objections, they must submit them to the referee within 14 days of the mailing of plaintiff's submissions; and include these objections to the Court if opposing the motion for a judgment of foreclosure and sale; and it is further

ORDERED that failure to submit objections to the referee may be deemed a waiver of objections before the Court on an application for a judgment of foreclosure and sale; and it is further

ORDERED that Plaintiff must bring a motion for a judgment of foreclosure and sale within 45 days of receipt of the referee's report; and it is further

ORDERED that if Plaintiff fails to meet these deadlines, then the Court may *sua sponte* vacate this order and direct Plaintiff to move again for an order of reference and the Court may *sua sponte* toll

850209/2016  HSBC BANK USA, N.A. vs. WU, LEWIS
Motion No. 006

Page 4 of 6

[* 4]

interest depending on whether the delays are due to Plaintiff's failure to move this litigation forward; and it further

ORDERED that the caption be amended by substituting WHAR TI WU, by and in place of "JOHN DOE"; and it is further

ORDERED that the caption be amended by substituting MEB LOAN TRUST VII, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE as Plaintiff herein; and it is further

ORDERED that the caption shall be amended to read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MEB LOAN TRUST VII, U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS TRUSTEE,

                        Plaintiff,

        -against-

LEWIS WU; BOARD OF MANAGERS OF THE
ROYAL ELIZABETH CONDOMINIUM; HOSKIE
CO. INC.; SST INT'L INC.; UNITED
INTERNATIONAL BANK; ARMAND LASKY;
MARINA DISTRICT DEVELOPMENT CO LLC
T/A BORGATA; MIDLAND 59 LLC; UNITED
STATES OF AMERICA O/B/O INTERNAL
REVENUE SERVICE; WHAR TI WU,

                        Defendants.

------------------------------------------------------------------------X

        and it is further

ORDERED that the Notice of Pendency filed on March 16, 2023, be deemed filed, *nunc pro tunc*, to the date of the expiration of the Notice of Pendency on October 17, 2022; and it is further

ORDERED that counsel for Plaintiff shall serve a copy of this order with notice of entry upon the County Clerk (60 Centre Street, Room 141B) and the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the parties being removed pursuant hereto; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address (www.nycourts.gov/supctmanh)]; and it is further

ORDERED that Plaintiff shall serve a copy of this Order with notice of entry on all parties and persons entitled to notice, including the Referee appointed herein.

850209/2016   HSBC BANK USA, N.A. vs. WU, LEWIS
Motion No. 006

Page 5 of 6

All parties are to appear for a virtual conference via Microsoft Teams on **June 13, 2024, at 11:20 a.m.** If a motion for judgment of foreclosure and sale has been filed Plaintiff may contact the Part Clerk Tamika Wright (tswright@nycourt.gov) in writing to request that the conference be cancelled. If a motion has not been made, then a conference is required to explore the reasons for the delay.

**Plaintiff's Servicer: Specialized Loan Servicing LLC- Phone Number: (800) 306-6062.**

2/16/2024
DATE

FRANCIS A. KAHN, III
HON. FRANCIS A. KAHN III
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | X | FIDUCIARY APPOINTMENT | | REFERENCE |

850209/2016  HSBC BANK USA, N.A. vs. WU, LEWIS
Motion No. 006

Page 6 of 6

6 of 6