| |
|---|
| **Castillo v Fresh Dining Concepts LLC** |
| 2025 NY Slip Op 31264(U) |
| April 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160985/2023 |
| Judge: Lyle E. Frank |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                PART                    11M

                              *Justice*

-------------------------------------------------------------------------------X

ALISIA CASTILLO                                  INDEX NO.            160985/2023

                          Plaintiff,             MOTION DATE          09/20/2024

            - v -                                MOTION SEQ. NO.          002

FRESH DINING CONCEPTS LLC,
                                                 **DECISION + ORDER ON**
                          Defendant.                     **MOTION**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for                      DISMISS                           .

This is a class action lawsuit brought by plaintiff and on behalf of all other non-exempt hourly paid employees ("Class") who were or are employed by Fresh Dining Concepts LLC ("Defendant"). The Court previously granted dismissal of the First, Fifth and Seventh causes of action, but gave plaintiff leave to amend.  Plaintiff amended those causes of action.  Defendant now moves pursuant to CPLR § 3211(a)(7) to dismiss the amended First, Fifth, and Seventh Causes of Action in the Amended Complaint. Plaintiff opposes the motion.  For the reasons set forth below, the motion is granted in part and denied in part.[1]

*Factual Background[2]*

Plaintiff Alisia Castillo's complaint alleges she is a former "fast food employee" who was employed by Defendant Fresh Dining Concepts LLC for approximately 5 months. Plaintiff alleges various employment abuses including that she was given uniform shirts to wear which did "not fall under the wash and wear exception" and therefore was "entitled to uniform

---

[1] The Court would like to thank Mingyue Deng and Emily Sheehy for their assistance in this matter.
[2] As recited by the Court in its prior decision.

**160985/2023 Motion No.  002**                                    **Page 1 of 6**

maintenance pay"; she was "required…to work shifts spanning two calendar days and with less than 11 hours between the shifts ('clopening')" and was not paid a clopening premium; she was not paid for "days in which [she] was sick"; she worked "shifts that began and ended more than 10 hours apart in one day" without being paid the spread-of-hours premium "for every day in which the interval between their start and end times exceeded ten hours"; that "upon information and belief" her hours in the timekeeping system were "alter[ed] to reflect less time than she actually worked"; she was not provided with a "good faith estimate of hours, dates, times and locations of her expected regular schedule"; she was not provided a written work schedule at least 14 days in advance; that "Defendant regularly changed [her] schedule at the last minute and failed to pay schedule change premiums"; and on occasion Defendant added time to her schedule without written consent.

The complaint alleges that defendant provides t-shirts emblazoned with the company logos to its employees. Plaintiff was provided with two t-shirts at the start of her employment and one or two additional t-shirts during her employment. Plaintiff was required to wear the t-shirts on every shift, which she alleges was more than five days per week.

*Legal Standard*

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017].

*Discussion*

Defendant argues that the Court should partially dismiss Plaintiff's Amended Complaint because Plaintiff failed to properly allege factual details to state claims of Uniform Maintenance, Unpaid Wages and Sick Leave Claims. Section 146-1.7(a) of the Hospitality Wage Order provides that "...where an employer does not maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay at the weekly rate set forth below, based on the number of hours worked..." *See* 12 NYCRR § 146-1.7(a). An exception to this is section 146-1.7(b) of the Hospitality Wage Order, which provides that: An employer will not be required to pay the uniform maintenance pay, where required uniforms:

> 1. are made of 'wash and wear' materials;
> 2. may be routinely washed and dried with other personal garments;
> 3. do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and
> 4. are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee.

Defendant argues that Plaintiff failed to sufficiently plead facts to demonstrate that the Hospitality Wage Order section 146-1.7(b) exception to Section 146-1.7(a) of the Hospitality Wage Order was not met. Specifically, Defendant argues that Plaintiff fails to make any factual assertions that demonstrate why four uniforms was not a sufficient number for working five days a week. Defendant further argues that Plaintiff failed to make any allegations to demonstrate that the "wash and wear" exception under Hospitality Wage Order section 146-1.7(b) is not applicable here. Additionally, Defendant argues that Plaintiff failed to state specific allegations in the Amended Complaint that would provide the number of hours that Plaintiff worked straight

or overtime per week, the amount that Plaintiff should have received for working those hours, and the rate of pay for regular and overtime. Defendant also argues that Plaintiff failed to specifically plead the compensation that she is entitled to for working the required hours to accrue paid sick time.

*First Cause of Action: Uniform Maintenance*

The complaint alleges that defendant provides t-shirts emblazoned with the company logos to its employees. Plaintiff was provided with two t-shirts at the start of her employment and one or two additional t-shirts during her employment. Plaintiff was required to wear the t-shirts on every shift, which she alleges was more than five days per week.

Plaintiff has not pled sufficient factual allegations. Plaintiff fails to make any factual assertions that demonstrate why four uniforms was not a sufficient number of uniforms for the number of days she worked. Plaintiff only alleges in the Amended Complaint that the number of uniforms received during her employment was not a sufficient number for her workweek. Plaintiff also fails to plead factual details as to demonstrate that the uniform would require special cleaning, which may include ironing or dry cleaning. This is consistent with *Yunganaula v. Garcia,* where it was determined that a party is not entitled to maintenance pay when the party fails to allege that the uniform required more maintenance than just laundering. *Yunganaula v. Garcia,* 2021 WL 5993622, at *11 (E.D.N.Y. Aug. 11, 2021) *report and recommendation adopted as modified*, 2021 WL 5984851 (E.D.N.Y. Dec. 17, 2021). The party's uniform in that case consisted of a "cook hat, shirts, and pants." (Compl. ¶ 49; May 2020 Yunganaula Decl. ¶ 13). Furthermore, the plaintiff has failed to allege that the uniform was not made of "wash and wear" materials deeming the Hospitality Wage Order section 146-1.7(b) exception not applicable.

[* 4]

Moreover, a review of the cases cited and annexed complaints of other matters, highlights the deficiencies in this amended complaint. Those complaints contained allegations that uniforms had to be purchased at the plaintiff's own cost, and that they were only provided one shirt or outfit to be worn daily, those are distinguishable from the instant matter. The Court finds that the Amended Complaint contains a recitation of the elements of the statute and no factual allegations, accordingly, the Court grants dismissal of the First Cause of Action.

*Fifth Cause of Action: Failure to Pay Wages*

The Amended Complaint provides assertions that Plaintiff worked up to 2 hours after the end of her shift, and that Defendant removed 30 minutes of the time that Plaintiff worked each time that Plaintiff did not take a break. Am. Compl. ¶¶ 55, 58. Moreover, Plaintiff pleads in the Amended Complaint that she "regularly" worked more than 40 hours per week without receiving overtime pay. Am. Compl. ¶¶ 57-58. Plaintiff failed to provide an actual number of the total hours worked per week and compare that to the wages that Plaintiff earned. Plaintiff merely alleges in the Amended Complaint that she is entitled an excess of 10 hours for the work that she performed outside of the time that she was clocked in for. Am. Compl. ¶ 59. While not overly detailed, with the benefit of every favorable inference the pleading is sufficient under First Department case law to survive a motion to dismiss. *See Mendoza v. Cornell Univ.*, 215 A.D.3d 590, 591 [1st Dept. 2023] (holding that dismissal is proper where a plaintiff did not allege that they worked more than 40 hours a week and did not give sufficient detail to support a reasonable inference that she worked more than 40 hours in a given week); *Kirby v. Carlo's Bakery 42nd & 8th LLC*, 212 A.D.3d 441, 442 [1st Dept. 2023] (holding that a plaintiff has a valid claim when alleging that she worked more than 40 hours per week and that she was never paid for the overtime). Therefore, dismissal of the Fifth Cause of Action is premature.

160985/2023 Motion No. 002    **Page 5 of 6**

*Seventh Cause of Action: Paid Sick Leave*

The Court finds that Plaintiff sufficiently plead facts demonstrating that she was entitled to paid sick leave, with the benefit of every possible favorable inference. The Amended Complaint is admittedly short on details. Plaintiff failed to provide the specific dates that she was out sick and alleges she should have been compensated for, the number of unpaid sick leave days, and the compensation that she is owed on behalf of her paid sick leave claim.

However, as with the unpaid wages claim, here there are sufficient allegations to survive this motion, as plaintiff alleges the number of days she was sick for which she was not paid, and that she accumulated those sick days.  To this Court, this meets the notice pleading standard and state a claim for unpaid sick leave days. Accordingly, it is hereby

ORDERED that the motion to dismiss the first cause of action is granted; and it is further

ADJUDGED that the motion to dismiss the fifth and seventh causes of action are denied.

20250411133629LFRANK876FE7B28E424BEB8823448BF2E74864

| 4/11/2025 | | | LYLE E. FRANK, J.S.C. | |
|-----------|---|---|---------|---|
| **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 6]