TerraCotta Nine, LLC v BR 52 LLC (2025 NY Slip Op 06149)

TerraCotta Nine, LLC v BR 52 LLC

2025 NY Slip Op 06149

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 850210/24|Appeal No. 5136|Case No. 2024-06033|

[*1]TerraCotta Nine, LLC, Plaintiff-Respondent,
v
BR 52 LLC, Defendant-Appellant, Ariel Lahmi et al., Defendants.

Rosenberg & Estis, P.C., New York (Christopher A. Gorman of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Stephanie Coughlan of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 27, 2024, which denied defendant's motion to dismiss the complaint against it, unanimously affirmed, with costs.
In this foreclosure action and action to recover on three notes secured by commercial real property located in Manhattan, Supreme Court properly denied defendant-borrower BR52 LLC's motion to dismiss the complaint because defendant failed to demonstrate the absence of plaintiff's standing (see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 92 [2d Dept 2021]; cf. HSBC Bank USA v Lugo, 169 AD3d 543, 543 [1st Dept 2019]). A plaintiff "need not allege standing" (Wilmington Sav. Fund Socy., FSB, 200 AD3d at 92). Rather, standing is an affirmative defense that the defendant must interpose (see One W. Bank, FSB v Rosenberg, 189 AD3d 1600, 1601 [2d Dept 2020]). In any event, Bethpage Federal Credit Union, the original plaintiff in this action, alleged that it was the holder of the three notes on which it was suing and thus, even if defendant had met its burden, plaintiffs sufficiently raised a question of fact as to standing (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 984 [2d Dept 2015]).
Similarly, a party's alleged failure to comply with pre-foreclosure notice requirements is an affirmative defense to be raised and proven by defendant (see Capital One, N.A. v Saglimbeni, 170 AD3d 508, 509 [1st Dept 2019]). Plaintiff was not required to plead its compliance with the notice requirements, to the extent any requirements exist under the relevant provisions of the notes (see generally Federal Natl. Mtge. Assn. v Araka, 217 AD3d 626, 626-627 [1st Dept 2023]). Even so, Bethpage established that it sent a notice to defendant both declaring a default and electing to accelerate the loan.
The court properly rejected defendant's argument that the complaint should have been dismissed because Bethpage did not serve a notice of pendency on defendant within 30 days of the notice's filing (see CPLR 6512). "A notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant" (id.). Bethpage complied with this requirement, and, even if it had not served the summons within the required timeframe, dismissal would still not be required (see RPAPL 1331).
Furthermore, the third cause of action for default on the Multiple Disbursement Note and the Third Lien Mortgage was plead with the requisite specificity. The complaint contained the allegation that defendant defaulted under that note by its failure to submit the monthly payment, and it identified the remaining principal balance under that note. These statements are "sufficiently particular" to give defendant "notice of the . . . occurrence . . . intended to be proved," which is all that is required at the pleading stage (CPLR 3013).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025