| |
|---|
| **Garcia v L'Oreal USA, Inc.** |
| 2025 NY Slip Op 34759(U) |
| December 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159463/2025 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARY V. ROSADO** | PART **33M** |
| *Justice* | |

---------------------------------------------------------------------X

MAYRA GARCIA,

                         Plaintiff,

                - v -

L'OREAL USA, INC.,L'OREAL USA PRODUCTS, INC.,SOFT SHEEN-CARSON, LLC,STRENGTH OF NATURE, LLC,GODREJ SON HOLDINGS, INC.,LUSTER PRODUCTS COMPANY, NAMASTE LABORATORIES, LLC

                         Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159463/2025 |
| MOTION DATE | 09/18/2025 |
| MOTION SEQ. NO. | 006 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 006) 30, 31, 32, 33, 34, 72, 73, 74, 75, 76, 77, 78, 82

were read on this motion to/for                    **DISMISSAL**          .

Upon the foregoing documents, and after a final submission date of November 5, 2025, Defendants Strength of Nature, LLC and Godrej SON Holdings, Inc.'s (collectively "Strength of Nature") motion to dismiss Plaintiff Mayra Garcia's ("Plaintiff") Complaint is denied.

## I.      Background

This action arises out of Plaintiff's alleged exposure to hair straightening products which allegedly caused endometrial cancer. From the 1970s through 2006, Plaintiff alleges she used numerous hair relaxer products manufactured and sold by Defendants. In or around September of 2022, Plaintiff was diagnosed with endometrial adenocarcinoma, and in March of 2023 underwent surgery for an incarcerated hernia allegedly due to complications from her cancer treatment. Plaintiff now sues Defendants under numerous theories of liability seeking to recover damages related to her uterine cancer diagnosis. Strength of Nature responds with the instant pre-answer

159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL
Motion No. 006

Page 1 of 7

[* 1]

motion to dismiss. Plaintiff opposes and requests leave to amend or supplement her Complaint should the Court find her Complaint deficient in any regard.[1]

## II. Discussion

### A. Failure to State a Claim

#### i. Notice Pursuant to CPLR 3013

Strength of Nature's motion to dismiss pursuant to CPLR 3013 on the basis that the Complaint fails to provide sufficient notice of the events and transactions giving rise to Plaintiff's claim is denied. Affording Plaintiff the benefit of every possible favorable inference which may be drawn from the 50-page and 273 paragraph long Complaint, the Court finds it provides sufficient detail including the products used which allegedly caused Plaintiff's cancer as well as the time frame and geographic scope in which those products were purchased and used. She further alleges the allegedly dangerous chemicals used in Defendants' products which she claims caused her cancer. These allegations are "sufficiently particular" to provide Defendant with "notice of the…occurrences…intended to be proved" (*see e.g. TerraCotta Nine, LLC v BR 52 LLC*, 2025 N.Y. Slip Op. 06149 at *1 [1st Dept 2025] citing CPLR 3013; *see also Kirby v Carlo's Bakery 42nd & 8th LLC*, 212 AD3d 441, 442 [1st Dept 2023]).

#### ii. Design Defect (First and Fourth Causes of Action)

Strength of Nature's motion to dismiss Plaintiff's design defect claims is denied. As long held by the Court of Appeals, a design defect claim arises when a product is "unreasonably dangerous for its intended use" or "whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." (*Voss v. Black & Decker Mfg. Co.*, 59 NY2d 102, 107

---

[1] Plaintiff did not formally cross-move for a motion to amend, therefore the Court need not entertain this relief (*see Fifth Partners LLC v Foley*, 227 AD3d 543 [1st Dept 2024]; *Onofre v 243 Riverside Drive Corp.*, 232 AD3d 443, 443-444 [1st Dept 2024]).

[1983]). Plaintiff explicitly alleges that products designed and sold by Strength of Nature's were unreasonably dangerous because they contained toxic ingredients which increase the risk of uterine cancer. A feasible design can be inferred from the allegations – namely a design that did not include the allegedly toxic and cancer-causing ingredients. Moreover, Plaintiff alleges Defendants' knowledge that certain ingredients included in their products could cause cancer, and Plaintiff specifically identifies Strength of Nature's products that were allegedly designed defectively (NYSCEF Doc. 1 at ¶¶ 84-88).[2] Accepting the allegations as true, on a pre-answer motion to dismiss this is sufficient to state a design defect claim. Whether the evidence ultimately leads to a valid design defect claim is an issue to be determined at trial or on a summary judgment motion.

### iii. Failure to Warn (Second and Third Causes of Action)

Strength of Nature's motion to dismiss Plaintiff's failure to warn causes of action is denied. Strength of Nature argues the failure to warn claims fail because the Complaint does not sufficiently allege Strength of Nature's knowledge that its products could increase the risk of cancer, and it argues Plaintiff failed to allege adequately proximate cause. This argument is unavailing, as the Complaint alleges the toxic ingredients which, purportedly, decades of studies have linked to gynecological cancer (*see* NYSCEF Doc. 1 at ¶¶ 24-62) and alleges Strength of Nature's duty to research, test, and warn consumers of the risks associated with those ingredients. Accepting the allegations as true, as this Court must on a pre-answer motion to dismiss, this is sufficient to state a failure to warn claim (*see, e.g. Liriano v Hobart Corp.*, 92 NY2d 232, 237 [1998] [manufacturers have "a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known."]). Although Strength of Nature argues that

---

[2] Strength of Nature argues only the brand lines and not specific products are identified, but this argument fails to address that, at a minimum, Plaintiff included a photograph of the "Olive Miracle" deep conditioning no-lye relaxer product she allegedly used.

**159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL** **Page 3 of 7**
**Motion No. 006**

there is insufficient scientific evidence to allege that it knew or should have known about the dangers of certain ingredients, that is an argument appropriate for a motion for summary judgment, after further discovery has taken place and with competing expert affidavits, as opposed to a pre-answer motion to dismiss.

### iv. Negligence and Negligence *per se* (Fifth and Twelfth Causes of Action)

Strength of Nature's motion to dismiss Plaintiff's negligence and gross negligence claims is denied. Given the CPLR's lenient pleading standard, coupled with Plaintiff's detailed allegations in the Complaint, she has sufficiently alleged a negligence claim. Plaintiff has also alleged adequately a gross negligence claim, which requires allegations that a defendant's conduct "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." (*Colnaghi, U.S.A., Ltd. v. Jewelers Protection Servs., Ltd.,* 81 N.Y.2d 821, 823–24, [1993]). Accepting the allegations as true, marketing and selling products as safe or natural while utilizing ingredients that dangerously increased the risk of uterine cancer and failing to warn about the dangers of those ingredients despite alleged knowledge of those dangers is sufficient, for purposes of a pre-answer motion to dismiss, to allege gross negligence. Strength of Nature's argument that proximate cause is not sufficiently alleged is unavailing, and in any event, proximate cause is a fact ridden issue which is more properly litigated on a motion for summary judgment or at trial.

Strength of Nature's motion to dismiss Plaintiff's claims alleging negligence *per se* is denied. New York law holds defendants liable for negligence per se as to violations of the FDCA (*see Winans v Ornua Foods North America Inc.,* 731 F.Supp.3d 422, 431 [EDNY 2024]). Plaintiff's alleged violations of the FDCA based on misbranding and false or misleading labeling has long been held by the Second Circuit to give rise to a negligence *per se* claim (*see Ezagui v*

**159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 006**

**Page 4 of 7**

*Dow Chemical Corp.*, 598 F2d 727, 733 [2d Cir. 1979]; *see also Sita v Danek Medical, Inc.*, 43 F.Supp.2d 245, 262 [EDNY 1999]).

### v. Negligent Misrepresentation, Fraud, Fraudulent Concealment (Sixth through Eighth Causes of Action)

Strength of Nature's motion to dismiss Plaintiff's claims alleging negligent misrepresentation, fraud, and fraudulent concealment is denied. To state a negligent misrepresentation claim, a plaintiff must allege that the defendant was "under a duty to the plaintiff to exercise reasonable care in giving the information, and plaintiff's reliance on the information must be foreseeable." (*Heard v City of New York*, 82 NY2d 66 [1993]). Accepting the allegations as true, Plaintiff adequately alleged negligent misrepresentation by stating that Defendants knew or should have known their products were unsafe yet failed to disclose the dangers to Plaintiff, who relied on Defendants' omissions when she decided to purchase their products (*see also Standish-Parkin v Lorillard Tobacco Co.*, 12 AD3d 301, 302-303 [1st Dept 2004]).

The same analysis holds true for Plaintiff's fraud and fraudulent concealment claims (*see also Rose v American Tobacco Co.*, 3 Misc.3d 1103[A] at 2 [Sup. Ct. NY Co. 2004]). Contrary to Strength of Nature's assertion, CPLR 3016(b)'s heightened pleading standard is not meant to prevent an otherwise valid cause of action in situations where it may be 'impossible to detail the circumstances constituting a fraud'" (*Pludeman v Northern Leasing Systems, Inc.* 10 NY3d 486, 491 [2008] citing *Lanzi v Brooks*, 43 NY2d 778, 780 [1977]). Given Plaintiff's allegations and the procedural juncture, the Court denies Strength of Nature's motion to dismiss Plaintiff's causes of action alleging negligent misrepresentation, fraud and fraudulent concealment.

**159463/2025 GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 006**

Page 5 of 7

#### vi.   Breach of Express or Implied Warranties (Ninth & Tenth Causes of Action)

Strength of Nature's motion to dismiss Plaintiff's claims alleging breach of express and implied warranties is denied. Pursuant to New York Uniform Commercial Code §2-313(1)(a) "any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." Likewise, §2-313(1)(b) states that "any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Here, Plaintiff alleges she relied on warranties that Defendants' products were "safe, healthy, protective, and/or natural." (NYSCEF Doc. 1 at ¶¶ 239-42). She also alleges Defendants' products were marketed as, amongst other things, safe for use, provided "gentle care" and "nourish[ing]", and contained "more conditioning oils & vitamins" even though there was allegedly scientific data showing certain ingredients in Defendants' products disrupt women's endocrine systems (NYSCEF Doc. 1 at ¶¶ 84-88). As this is a pre-answer motion to dismiss, further discovery is needed to ascertain whether these allegations gave rise to an actual express warranty, whether those warranties existed on the products, and whether Plaintiff relied on the warranty.

Moreover, there may be a breach of the implied warranty of merchantability if goods are unsafe "when used in the customary, usual and reasonably foreseeable manner" (*Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]). Here, Plaintiff alleges that she developed uterine cancer from using Defendants' hair relaxer products in their usual and customary manner. These allegations are sufficient (*see generally Colarossi v C.R. Bard, Inc.*, 113 AD3d 407, 408 [1st Dept 2014]). Thus, the motion to dismiss Plaintiff's causes of action alleging a breach of express warranty and breach of implied warranty is denied.

**159463/2025  GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL**
**Motion No. 006**

Page 6 of 7

The Court has considered the remainder of Strength of Nature's contentions and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED Strength of Nature's motion to dismiss Plaintiff Mayra Garcia's Complaint is denied in its entirety, and within twenty days of entry, Strength of Nature shall serve an Answer to Plaintiff's Complaint; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| _12/8/2025_ | _/May V Rosado JSC_ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

159463/2025   GARCIA, MAYRA vs. L'OREAL USA, INC. ET AL                Page 7 of 7
Motion No.  006

7 of 7