Fisher v Hudson Hall LLC (2026 NY Slip Op 00579)

Fisher v Hudson Hall LLC

2026 NY Slip Op 00579

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 156838/24|Appeal No. 5751|Case No. 2025-03153|

[*1]Joel Fisher etc., Plaintiff-Respondent,
vHudson Hall LLC Doing Business as Mercado Little Spain, et al., Defendants-Appellants.

Fox Rothschild LLP, New York (Glenn S. Grindlinger of counsel), for appellants.
Lee Litigation Group, PLLC, New York (Rony Guldmann of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 22, 2025, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to plaintiff's Labor Law § 193 claims, individual wage notice claim, and annual wage notice claim, and otherwise affirmed, without costs.
Supreme Court correctly found that plaintiff sufficiently stated a claim for unpaid overtime under the Labor Law. Plaintiff alleges that defendants automatically deducted time for lunch breaks that he was required to work through, engaged in time-shaving, and failed to compensate him for mandatory off-the-clock work and work-related activities. Although the complaint omitted specific Labor Law sections, the complaint's detailed allegations satisfied the pleading requirements of CPLR 3013 (see Kirby v Carlo's Bakery 42nd & 8th LLC, 212 AD3d 441, 442 [1st Dept 2023]; see also Webb-Weber v Community Action for Human Servs., Inc., 23 NY3d 448, 453 [2014]).
Prior to the enactment of the No Wage Theft Loophole Act, this Court held that "a wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193" (Perella Weinberg Partners LLC v Kramer, 153 AD3d 443, 449 [1st Dept 2017]). It is undisputed that plaintiff's claims arose before the enactment of the Act. Contrary to plaintiff's contention, the Act does not apply retroactively (see Frances v Klein, 231 AD3d 535, 536 [1st Dept 2024]). Plaintiff also has no separate cause of action under Labor Law § 198(3) (see id.).
Plaintiff has abandoned his individual wage notice claim and annual wage notice claim (see Spiegel v 226 Realty LLC, 231 AD3d 562, 565 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026